```
             UNITED STATES BANKRUPTCY COURT
           FOR THE NORTHERN DISTRICT OF IOWA
                      WESTERN DIVISION
```

IN RE

TRICIA M. LAHNDORF                              Chapter 7

    Debtor.                          Bankruptcy No. 06-00348S

                          ORDER RE:
                <u>TRUSTEE'S OBJECTION TO EXEMPTION</u>

   The matter before the court is the trustee's objection to debtor's claim of exemption in property described as "child support."  The trustee contends that the property is a non-exempt property settlement awarded in dissolution proceedings.  Hearing was held on August 29, 2006.  Trustee Wil L. Forker appeared on his own behalf.  Attorney Donald H. Molstad appeared for the debtor Tricia M. Lahndorf.  This is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

   Debtor Tricia Lahndorf was formerly married to Kevin Lahndorf.  Their marriage was dissolved February 28, 2006 by decree of the Iowa District Court for Crawford County.  Exhibit 1.  The decree incorporated the agreement of the parties.  Tricia received physical custody of the parties' three minor children.  In paragraph (3) of the decree, the court ordered Kevin to pay monthly child support in the initial amount of $757 and in decreasing amounts as each child reaches the age of majority.  Paragraph (4) of the decree provided as follows:

           **Child Support Owing by Kevin**: The parties

> stipulate and agree that there is a temporary
> child support arrearage owing in the amount
> of $200 per month for four months prior to
> the parties reaching a settlement in this
> matter.  Kevin's child support arrearage
> shall be reimbursed to Tricia by making
> additional payments in the amount of $50 per
> month commencing January 7, 2006.

The decree provided in paragraph (9) that neither party was entitled to alimony.  The court divided the parties' personal property and assigned debts to each of them.  Decree, ¶¶ (10), (11), (12), (14).  Kevin was awarded the marital home and all the debt associated with it.  Decree, ¶ (13).  Paragraph (15) provided as follows:

> **Property Settlement**: In order to equalize the
> property distribution as outlined above,
> Kevin shall pay to Tricia the sum of Three
> Thousand Twenty-Three and 00/100's
> ($3,023.00) to be paid within sixty (60) days
> of the entry of this decree.  Judgment is
> hereby entered against Kevin for said amount.

As of the hearing date, Kevin had not paid the amount awarded in paragraph (15).

Debtor filed her Chapter 7 petition on April 21, 2006.  On June 7, 2006, she amended her bankruptcy schedule of property claimed exempt to add "Child Support" in the amount of $3,023.00.  She claimed the property exempt under Iowa Code § 627.6(8)(d), which exempts a debtor's rights in "support . . . to the extent reasonably necessary for the support of the . . . dependents of the debtor."

The trustee objects to the claim of exemption for child

> stipulate and agree that there is a temporary
> child support arrearage owing in the amount
> of $200 per month for four months prior to
> the parties reaching a settlement in this
> matter.  Kevin's child support arrearage
> shall be reimbursed to Tricia by making
> additional payments in the amount of $50 per
> month commencing January 7, 2006.

The decree provided in paragraph (9) that neither party was entitled to alimony.  The court divided the parties' personal property and assigned debts to each of them.  Decree, ¶¶ (10), (11), (12), (14).  Kevin was awarded the marital home and all the debt associated with it.  Decree, ¶ (13).  Paragraph (15) provided as follows:

> **Property Settlement**: In order to equalize the
> property distribution as outlined above,
> Kevin shall pay to Tricia the sum of Three
> Thousand Twenty-Three and 00/100's
> ($3,023.00) to be paid within sixty (60) days
> of the entry of this decree.  Judgment is
> hereby entered against Kevin for said amount.

As of the hearing date, Kevin had not paid the amount awarded in paragraph (15).

Debtor filed her Chapter 7 petition on April 21, 2006.  On June 7, 2006, she amended her bankruptcy schedule of property claimed exempt to add "Child Support" in the amount of $3,023.00.  She claimed the property exempt under Iowa Code § 627.6(8)(d), which exempts a debtor's rights in "support . . . to the extent reasonably necessary for the support of the . . . dependents of the debtor."

The trustee objects to the claim of exemption for child

support.  He contends that the dissolution decree awarded this sum as property settlement, which is not exempt under Iowa law. Debtor argues that the sum of $3,023 was intended by the parties to represent the amount of child support that Kevin ought to have paid during the period that the two were separated, and that the parties were able to reach an agreement only by describing the debt as a property settlement rather than delinquent child support.

Debtor asks the court to "look behind" the state court decree to the actual intent of the parties in reaching an agreement.  She compares the issue to a dischargeability determination under 11 U.S.C. § 523(a)(5).  Prior to amendment by BAPCPA, that section provided that debt for support was nondischargeable, "but not to the extent that . . . such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support."  11 U.S.C. § 523(a)(5)(B) (as applicable in cases filed prior to October 17, 2005).[1]  This language authorized bankruptcy courts to consider whether an award represents debt for support notwithstanding its

---

[1] Section 523(a)(5) as amended by BAPCPA provides that debt for a "domestic support obligation" is nondischargeable.  A "domestic support obligation" is debt "in the nature of alimony, maintenance, or support . . . without regard to whether such debt is expressly so designated."  11 U.S.C. § 101(14A)(B).  The court assumes without deciding that dischargeability analysis under § 523(a)(5) is not changed by the amendment.

3

characterization in a decree as being for property settlement. In re Bentley, 245 B.R. 684, 687 (Bankr. D. Kan. 2000).

Debtor's argument is similar to the trustee's position in In re Bentley. Cindy Bentley's divorce decree awarded her $25,000 as "alimony in lieu of property division." The sum was to be paid at the time of her former husband's death or at the time he sold or moved out of the marital home. Id., 245 B.R. at 685. Bentley claimed the property exempt as alimony. The trustee argued that the property had been "mischaracterized" in the decree and was actually in the nature of a property settlement. The court in Bentley recognized that other courts have extended the analysis of § 523(a)(5)(B) to the context of exemptions. Id. at 687 (discussing In re Sheffield, 212 B.R. 1019 (Bankr. M.D. Fla. 1997)). The Bentley court concluded, however, that Congress has not authorized such an extension. This court agrees.

Iowa is an "opt-out" state. Iowa debtors may not choose the federal exemptions found in Bankruptcy Code § 522(d). Iowa Code § 627.10. With exceptions not relevant here, an Iowa debtor may exempt from property of the estate only property that is exempt under Iowa law applicable on the date of the filing of the petition. 11 U.S.C. § 522(b)(3)(A). A debtor's rights in necessary child support are exempt under Iowa Code § 627.6(8)(d). The issue is whether an Iowa court would look behind a dissolution decree to determine whether an award designated as

4

property settlement was actually in the nature of support.

The Iowa Court of Appeals in Marriage of Ruter, 564 N.W.2d 849 (Iowa App. 1997), set out these general principles for interpreting a dissolution decree:

> Once a stipulation is merged in a decree it is interpreted and enforced as a final judgment of the court, not as a separate contract between the parties.  The determining factor guiding our inquiry is the intent of the court as gathered from the decree and other proper evidence.  Extrinsic evidence may be considered not to show the language means something different than what is said in the [decree], but to show what is meant by what is said.

Id. at 851 (citations omitted).

In Marriage of Knott, 331 N.W.2d 135 (Iowa 1983), Wanda Knott was awarded custody of the parties' three children and possession of the family home.  Title to the property was held jointly with her former husband Joseph.  One month after entry of the dissolution decree, Joseph destroyed the home by arson. Wanda applied for modification of the decree to vest title in her name alone.  The Iowa Supreme Court reiterated the rule that a property settlement may not be modified on the ground of changed circumstances.  Wanda argued alternatively that the award of possession of the home was for the support of the parties' children.  The court observed that the award at issue was set out in the portion of the decree designated "Property Settlement." The court found that the trial court intended to make the award

5

as part of the division of property and not as child support. Id. at 137.

Applying Iowa case law to the trustee's objection to exemption, this court believes the proper approach is to determine the intent of the Iowa District Court for Crawford County rather than the intent of the Lahndorfs. The state court plainly designated certain paragraphs as relating to child support and division of property. The award at issue was expressly designated a property settlement and provided that it was intended to "equalize the property distribution." The terms of the award are not ambiguous, and extrinsic evidence is not necessary or helpful to determine the state court's intent. Looking behind the court's language would be an impermissible collateral attack on the state court decree.

Even if this court were to apply § 523(a)(5) analysis to the exemption issue, it would not find the property is actually in the nature of child support. Debtor was the only witness at the hearing. She stated that the award of $3,023 was intended to represent delinquent child support, but the decree separately provided for a child support arrearage in paragraph (4). There was insufficient evidence to overcome the plain language of the decree. Therefore, the court finds and concludes that the award of $3,023 to debtor is a property settlement that is not exempt under Iowa Code § 627.6(8)(d).

IT IS ORDERED that the trustee's objection to exemption is sustained.

DATED AND ENTERED   September 11, 2006

William L. Edmonds, Chief Bankruptcy Judge